United States District Court
Southern District of Texas
**ENTERED**
October 14, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KAYA MUCAHIT, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-26-6314 |
| vs. | § | |
| | § | |
| WARDEN, Houston Contract Detention Facility, *et al.*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER**

The petitioner, Kaya Mucahit, is currently detained in the custody of officials with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). Represented by counsel, the petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her continued confinement. (Docket Entry No. 1). At the time she filed the petition, Mucahit was detained at the Houston Contract Detention Facility. (*Id.*).

On August 21, 2026, the court ordered the respondent to file an answer or other appropriate responsive pleading within seven (7) days. (Docket Entry No. 4). The respondents answered with a Motion to Transfer. (Docket Entry No. 5). In the motion, the respondent admits that at the time the habeas petition was filed, the petitioner was being held within the jurisdiction of the Southern District of Texas. Despite admitting this, the respondent argues that because the petitioner has since been transferred to a detention facility in Baldwin, Michigan, this court no longer has jurisdiction as the petitioner is not presently confined in the Southern District of Texas. The petitioner has filed an opposition to the motion to transfer. (Docket Entry No. 7).

The respondent is wrong that this court no longer has jurisdiction. The rule has long been clear: "[W]hen the Government moves a habeas petitioner after she properly files a petition naming

her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004); *see also McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978) ("Jurisdiction attached upon the initial filing for habeas corpus relief. It was not destroyed upon the transfer of petitioner and accompanying custodial change."); *Hernandez Alcala v. Warden*, No. 3:26-CV-1447-E-BN, 2026 WL 1656741, at *2 (N.D. Tex. May 7, 2026), *R&R adopted sub nom. Hernandez Alcala v. Warden Prairieland Det. Ctr.*, No. 3:26-CV-01447-E-BN, 2026 WL 1654273 (N.D. Tex. June 8, 2026) (explaining that even if the petitioner was transferred outside of the district, the court would not be deprived of jurisdiction to hear the § 2241 petition).

The court **orders** as follows:

1. The Motion to Transfer (Docket Entry No. 5) is **denied**.

2. The proper respondent must file an answer or other appropriate responsive pleading, as previously ordered, **by October 20, 2026**. No extensions will be given.

3. The respondents must notify the petitioner's counsel and the court of any anticipated or planned transfer of Kaya Mucahit outside of the United States at least **five (5) days** before any such transfer.

4. The rest of the court's Order entered on August 21, 2026, remains in effect.

SIGNED on October 8, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge